May it please the court, counsel, all persons assembled, I'm Christina Widener-Taffs and I'm appearing on behalf of Jason Jayavarman, a palatine in this matter, with me seated at council table is co-counsel Phillip Widener. I'd like to reserve five minutes of rebuttal that Mr. Widener may handle. The manner in which this long-arm statute was applied in this case by the government and the court's instructions means that any U.S. citizen who travels anywhere in the world and has consensual, non-criminal, legal sex with a person over 18 years old and video records it can be subject to 30 years in federal prison, a 15-year mandatory minimum, merely because the prosecution and the jury think the video's subject looks like a minor. No, there's a piece missing, that the defendant himself believed that the victim was a minor. Your Honor, with all due respect, the manner in which this statute was applied means that U.S. citizens run the risk if they choose to engage in that activity. I go off and try to nail a 12-year-old. What's wrong with being held criminally liable in the United States when I come back? There was no minor involved in this. But your client, the jury concluded, thought there was a minor. And he wasn't convicted of actually accomplishing the crime, he was convicted of attempt, which is what he was trying to do. It just turned out that there is some evidence to suggest that maybe she wasn't a minor. There was no objective evidence of a subjective belief that he was a minor. What does that mean, what's objective evidence? There's evidence that he thought she was 14. I respectfully disagree with that. The government's interpretation of the one statement in their hours of recorded conversations and interrogation of him in his second language, English, in which he was never formally educated, yields one statement which I suggest has been misconstrued and misstated by the government. You can take that position, but I've read a lot of things that suggest that maybe there's more than one allegedly misconstrued statement. This is the sufficiency of evidence argument. And so if you want to get to that argument, we can. Earlier you said she was 14. Yeah, 14. Yeah, she told me she was. She told me she was 14. And it goes on like that. And that's only one of the many excerpts in which it is. So I think that you're not going to get far, at least with me, saying that he didn't think she was 14. She may not have actually been 14, but that was his belief. In addition, you've got this aspect that your client made an attempt to find false documents showing that she was an adult. There's no finding whatsoever to support that the documents were false. What it showed was that he had attempted to get some documents to show she was an adult, and they showed that they came from fairly unreliable sources. I don't think that there's any jury finding that the documents were invalid. Was there no such evidence introduced? I think that the government did put on an agent to testify about the process of obtaining documents in Cambodia and why it might be unreliable, but I don't think that you can base any ruling in this case on a finding that the documents were unreliable. There's no jury finding to support that. There doesn't have to be. We review the evidence in the favor of the prosecution and ask, could the jury have found? The jury doesn't make explicit fact-by-fact findings, but could the jury have made such a finding en route to its verdict? That's the question we asked. There's no jury finding. The fact that there is no jury finding is irrelevant. There's a verdict of guilty, and so we look at all the evidence and inferences in the light most favorable to the government to determine whether there is sufficient evidence. Well, we must begin with the fact that there's no jury finding that a minor was involved, and so you must assess the situation from the point of view that, does this statute allow even an attempt to stand where there's no actual minor? Well, that's a legal question. That's the legal question involved, where the person is believed to be a minor, but there's no proof that the person actually is a minor. Is that sufficient for attempt? And that's a legal question. Is there any case that squarely holds in your favor on that question, that the person actually has to be a minor for attempt? No, but conversely, there's no case that holds that you can be convicted under this subsection C, and in particular, C2B, for attempted manufacture of child pornography and transport of such a visual depiction where no actual minor is involved. Meek? Meek is not dispositive, is not binding. It is a separate statute. It's under a different subsection, and the text of the statute is a little bit different, but there are some out-of-circuit cases, I believe, that deal with this question that allow an attempt when there's no proof of actual age, but there is proof that the person believed it and tried to deal with a person who was under the age of consent. Well, as I was saying, Meek is a different statute. This statute is extremely unique in that it's strict liability. The statute that Meek was prosecuted under is not strict liability, and also it involves inducing a minor to engage in sexual conduct. That's not protected speech. Whereas consenting adults engaging in sexual activity and videotaping, it has been— Counsel, you're just assuming away the problem. You're saying it's consenting adults. Minors can't consent legally. So if, in fact, the government has proven beyond a reasonable doubt that your client thought he was dealing with a minor, we're not talking about a case where two consenting adults have sex. That's not the case. Well, in fact, there's no jury finding that she was a minor. You keep coming back to that, but it is— It's not what's required. It must be assumed that they are adults for purposes of upholding— It must be assumed that, for your purpose, that he believed she was 14 but she was actually 18 or older. That's what we have to assume for your purposes. So why isn't that sufficient for an attempt, which is expressly covered by the statutory text, that an attempt is also criminalized? Okay, I would like to address that. So assuming, for your purposes, that he actually did— or that it was proven that he thought she was 14 when they engaged in this conduct, still, it would be an unconstitutional application of this statute because it could capture within its net U.S. citizens who, at their peril, apparently, have consensual sex. You left a piece out, and I pointed out that you left a piece out, and you never explained to me why that piece didn't matter. If it's the case that he thought he was dealing with a minor, what's the peril? He was trying to commit what was going to be a criminal act. He was attempting to do it. He may have been fortunate in the fact that there was evidence that she was not a minor, but as far as he knew, he was doing exactly what the law prohibited. Why can't that be sanctioned as an attempt to commit the crime? Because as a practical matter, it would apply to persons who have sex with someone who appears to be a minor. When they think that the other person is a minor. That's the piece that I say that we were missing, and you never explained to me why that's not a critical piece. If she doesn't think he's a minor, he can't be guilty of attempt. But they convict him of attempt, presumably concluding that she thought—that he thought she was a minor. And what's wrong with punishing somebody who is trying to commit a crime? Well, the express terms of the statute indicate that you must produce a visual depiction of a minor engaged in explicit sexual conduct and either intend at the time of production or thereafter transport such a visual depiction. Well, that's what he wanted to do. That's what he tried to do. It's sort of like saying that someone hasn't committed an attempted bank robbery if what they end up with is monopoly money instead of U.S. currency, that they never really got any money, so how could it be an attempted bank robbery? And that's really what you're saying here. This guy did everything in his power to make a sexually explicit movie with a 14-year-old and bring it into the United States. That's what he wanted to do. That's what he tried to do. That's what he thought he was doing, and he just lucked out that it was monopoly money. So why isn't that an attempt? I mean, I don't see any defect, constitutional or otherwise, in that. Well, the constitutional defect is what I've been trying to explain, is that it invites prosecution where, for instance, a videotape is seized and the prosecution and then perhaps the grand jury says, well, she looks like a minor to me, and yet the defendant has not engaged. All he has to say to the jury and be believed is, you know what? I thought she was at least 18. She produced a driver's license and everything, and I thought it looked genuine, and so I wouldn't do this with a minor if I'd known she was only 14. That person has not committed a crime, but that's not the facts here. Well, with all due respect to the court, the only way to read this statute and allow it to pass constitutional muster is to require a minor. There could be an attempt if there's an actual minor and you try to make sexually explicit conduct and fail, or there is an actual tape and you fail in transporting it. But as to the actual minor... What part of the Constitution are you referring to? The First Amendment as well as the Commerce Clause because this would punish wholly intracountry conduct, similar to the Almiyaki case. But it's not. The allegation is that conduct in one country and you brought the fruits of that misconduct into the United States. Why doesn't that fit within the Foreign Commerce Clause? And what does that have to do with First Amendment rights? You're saying that you can have sex with whatever child or whatever you want, and that's a First Amendment right? Is that what you're saying? No, the First Amendment right is the freedom of sexual expression between two consenting adults, which would be chilled if you think that, well, if the person that I'm with looks young, I might be subject to prosecution under this statute. But you're again assuming away the problem that we're dealing with here. Counsel, you're down to about two minutes and change. If you'd like to save some of it for a while. I will. Thank you. Thank you, Your Honor. Good morning, Your Honors, and may it please the Court. Ross Goldman for the United States. Starting where the Court left off, the sufficiency challenge on count one, the Judicial Court was correct in this case that to prove the attempt, it's suffice to prove, as the government here did, that Mr. Jarivman thought that Ann was a minor. And the reason that's true is because of fundamental principles of attempt liability that requires the government to prove that the defendant had the specific intent to violate the statute and that the defendant took a substantial step toward the commission of the completed offense. It is Mr. Jarivman's belief that he thought Ann was a minor that establishes his specific intent to, in fact, create the child pornography. It is indisputable in this case that he took a substantial step. He actually made the films and brought them with him to the United States. This theory of attempt liability is also consistent with cases like Meek and like Johnson out of the Seventh Circuit, where courts have said, basically, regardless of whether there is mens rea, as to whether the victim is a minor, for purposes of the completed offense. For purposes of attempt liability, what's required is what we have here, proof that the defendant thought his victim was a minor. This interpretation also squares with underlying purposes of attempt liability. As this court laid them out in Meek, the notion that someone who commits the completed offense is equally culpable, equally in need of deterrence, as someone who tries their very best to commit the completed offense but fails only because of some circumstance unbeknownst to him. On the sufficiency point itself, the government adduced ample evidence that Mr. J. Auberman thought, at the time he made the videos, that the victim was a minor. The sites are in our brief. I would point the court, for example, to page 426 of the supplemental excerpts of record. This is a post-arrest interview with Detective Forrest where he says, but you have a video of you and Ann having sex and you think she's 14 years old. Mr. J. Auberman says, yeah. On page 169, this is a conversation with Agent Banks when he's undercover, and Agent Banks says, you said the one with the 14-year-old was a good souvenir to bring home. Mr. J. Auberman says, yeah. The souvenir, of course, was Mr. J. Auberman's own word to describe these videos of him having sex with Ann. Just to respond briefly to the First Amendment challenge, I think the dispositive point here is that what Mr. J. Auberman was convicted of trying to do to engage in child pornography is categorically unprotected speech under the First Amendment. There is absolutely no basis for protecting efforts to engage in unprotected speech. I'd also note, just as an add-on point, that claim was not raised below. It's subject to review for plain error. It would fail at least both the first two prongs of plain error review. It most certainly fails the first. I'm happy to address any of the other issues in the case. I do want to make one point with respect to count two, because it's an issue that came up principally for the first time in reply. You've conceded that that has to be vacated, as I understand it. That's correct, Your Honor. So there's no point to the reply brief continuing to talk about it, but at any rate, I'm just reaffirming that you concede that. That's correct. We concede that under a quark. As we read it, it renders invalid this attempting to aid and abet theory of liability. The point I want to make, though, is, and let me just preface this by saying, if this court affirms the conviction on count one, none of this is going to matter with respect to count two, but there is an issue that arose in the reply brief about whether the government would be barred from retrying Mr. Javerman on count 2A, that is, his own attempt to travel overseas for the purpose of engaging in illicit sexual conduct. And I just want to make two brief points in response to that, because we have not had a chance to respond to that argument. The first point is that the better inference here is looking at the jury verdict, is that the jury hung on count 2A. The verdict form is clear with all of these parts, that the jury was asked to find the defendant not guilty, guilty, and then it says circle one. On 2A, as on 1A, the jury did not circle not guilty. The better inference there is that the jury was therefore hung. I think that becomes especially the stronger inference in light of the question and answer during deliberations about whether, if we're not unanimous on count 1A, may we proceed to count 1B. The court said the parties agree yes. The parties also agree the same instructions should be given as to count two. The court does that. And so I think the better inference – The court never ruled on the motion concerning count 2A, did it? I'm not sure what motion, Your Honor. It was a motion for judgment of acquittal. All the post-verdict motions were – I don't know that there was a ruling on the 2A because there was no guilty verdict on the 2A. So under the circumstances, should that not be sent back to the district court to consider in the first instance? I don't believe so, Your Honor. A hung jury, there are no double jeopardy consequences that follow from a hung jury. The original jeopardy is not extinguished. Also – There's no reason for us to address this at this stage. I understand there was a reference made in the reply brief, but the issue really doesn't appear to be teed up at this point. Indeed, I would agree with that as a lawyer. So if I understand your position correctly, it is that you argue that we should affirm as to count 1, vacate the conviction on count 2, and remand for resentencing in light of that. I believe that's correct. This court's general practice is when the sentencing package is undone, is to remand. With that, I'm happy to answer any other questions the court may have on any of the issues. Otherwise, we would stand on our briefs. I don't believe we do. Thank you. Thank you. I hope you might indulge me with a few extra minutes, but I'm going to do the best I can. No, we'll hold you to it. We've held other people to it today. I'm going to try and answer your question about the missing piece, your question about the constitutional conduct, and your remarks about the defendant's supposed to have to testify. The issue in this case, well, you said you can get on the stand and tell the jury that. . . I did not say that, but if that's your recollection, that's fine. All right. I've had the privilege of practicing about 40 years. I always try and think about why are we here. I'm here to represent someone. With all due respect, Your Honor is here to protect the Constitution. The district courts are here to protect citizens from unconstitutional prosecution. The central issue in this case is what does the statute mean and what can it mean from a constitutional basis, given the First Amendment and the right to privacy. The only way the statute can be constitutional is if there has to be a minor, and here's why. Because the way the statute was applied and written, someone can be prosecuted merely because someone looks like a minor. We've been down that road once before. You can stake out that claim if you want, but it didn't get much traction the first time. It may not, but I need to address it, Your Honor. Can you address a privacy issue? Yes, consensual sex between adults. And I want to go back to this road because I've only got a minute left. It's not a question of sufficiency. It's what can the statute do to anyone in the United States. And this statute, if it's applied, that you merely have to find that the person intended to make a tape of a minor is drastically overbroad because it's merely on appearance. It's like the Ashcroft case. You can't prosecute people because a jury might think that it's pornography. And that's the answer, Your Honor. I'm not talking about sufficiency in this particular case. I'm talking about a general statute. And you can't dispute the fact that the way the statute was applied, anyone that has sex with a consenting adult that looks like a minor can be convicted. That's not the standard. It's whether they think they're having sex with someone who's a minor. And the government in this case would have to prove beyond a reasonable doubt that that was the case. But they could prove that merely on the basis of appearance, Your Honor, because the statute talks about only if the defendant believes that the person, through appearance or otherwise, was a minor. I've only got nine seconds left, but to answer your question, here's my position. The statute talks about a visual depiction of sexual conduct of a minor, and it has to be read to have an actual visual depiction of a minor. Otherwise, a person can be convicted merely for attempt, merely because of the jury saying that person looks so young he must have intended it. And that's an appearance conviction. It's overbroad. It sweeps everybody under their net, and it's frank. The government offered evidence that went well beyond the appearance of Anna. The government offered evidence that consisted of your client's own words. So you can, or you've exhausted your time arguing a case that's really not before us and elected not to argue the case that is before us. I'm not sure why, but that's how I see it. May I respond to that briefly, as long as the presiding judge will let you? Yes, you may respond. What Your Honor is talking about is the evidence in this case. The overbreadth document of an unconstitutional statute includes all cases. So you can't say that merely, and we dispute the 14 thing and all that, but merely because you say there's evidence in this case that he thought, it doesn't mean the statute has to be applied with an absolute requirement of a minor. Otherwise, it's overbroad. Because in other cases, they can prosecute people merely on the basis of appearance, and that violates Ascroft, and that's a major, major distinction. And I understand from your comments that you're not very receptive to our arguments, but I'd ask you to really think about that, that if this statute is not read to save it constitutionally so that there has to be an actual depiction of a minor engaging in sex, then it's drastically overbroad, it impinges on free speech, and it impinges on the right to privacy. And I very strongly urge you to consider that aspect of it, notwithstanding your apparent view that he thought that it was a minor, because that's irrelevant whether this particular defendant thought it or not. It's irrelevant for a constitutional analysis. Thank you for your patience. Thank you, counsel. We appreciate the arguments of all three of you. The case just argued is submitted, and we stand adjourned for this session. All rise.
judges: Graber, Clifton, M. Smith